UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-228-HRW

ROBIN KNIPP,                                      PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

CITY OF OLIVE HILL, KENTUCKY,            DEFENDANT.

       This matter is before the Court upon the Motion to Dismiss by the City of Olive Hill [Docket No. 7]. The Plaintiff failed to respond to the motion within the time prescribed the locals rules. The Court granted Plaintiff additional time in which to respond [Docket No. 9] and the Plaintiff has filed a response [Docket No. 10]. This matter is now ripe for decision and, for the reasons stated below, the Court finds that Plaintiff has failed a state a claim against the Defendant City of Olive Hill.

       Plaintiff filed this action against the City of Olive Hill, Richard Mayse, a city police officer, as well as unknown employees of the City of Olive Hill. However, to date, Plaintiff has not obtained service upon Mayse or any other individuals.

In her Complaint, Plaintiff alleges that the Defendants violated the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, 42 U.S.C. §1983. Specifically, she claims she was wrongfully arrested, imprisoned and detained by the Defendants and suffered injuries and damages a result. Defendant City of Olive Hill seeks a dismissal of the claims against it.

The purpose of a motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). For purposes of dismissal pursuant to Fed. R. Civ. P 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Monette v. Electronic Data Systems, Corp.*, 90 F/3d 1173, 1189 (6th Cir. 1996).

The Defendant correctly states that a plaintiff who sues a city for a constitutional violation under 42 U.S.C. §1983 must establish that a governmental policy or custom caused the alleged injury. *See e.g. Sova v. City of Mount Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). In this case, Plaintiff has failed to do so. There are simply no allegations that the City of Olive Hill's practices or policies, such as inadequate training or supervision of its police officers, caused or were "the moving force" behind the constitutional violation. *Id.* As such, Plaintiff has failed to adequately state a claim against this Defendant for constitutional violations under 42 U.S.C. §1983.

Nor can this Defendant be held liable for the actions of its employees, in this case, police officers. It is well established that in §1983 actions, an employer may not be held vicariously liable for the actions of its agents or employees. *See, e.g., Canton v. Harris*, 489 U.S. 378, 385 (1989); *International Union, United Auto, et al. v. Bear Archery*, 617 F.2d 157, 158 (6th Cir. 1980).

Based upon the record, the facts alleged are insufficient to state a claim against the Defendant City of Olive Hill. In other words, there is simply no

3

law to support the claims made. As such, dismissal of this action as it pertains to the Defendant City of Olive Hill is proper.

In her response to the motion, Plaintiff maintains that this matter should be held in abeyance pending resolution of a criminal case filed against her in the Circuit Court of Carter County, Kentucky. However, at this juncture, the relevance of that matter to the instant case is unclear, at best. Therefore, the Court is not inclined to unduly prolong this case.

Accordingly, **IT IS HEREBY ORDERED**:

(1) that the Motion to Dismiss by the City of Olive Hill [Docket No. 7] be **SUSTAINED** and that the claims against Defendant City of Olive Hill be **DISMISSED** with prejudice;

(2) that Plaintiff shall have until **August 1, 2006** to effect service of process upon the remaining Defendants.

This 6th day of July, 2006.



Signed By:
Henry R. Wilhoit, Jr
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge

4